UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY KEITH WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:17-cv-00760 – JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |

Larry Keith Williams seeks judicial review of the administrative decision denying his application for Social Security benefits. (Doc. 4) For the reasons set forth below, Plaintiff is ORDERED to show cause in writing why the action should not be dismissed.

**I.      Screening Requirement**

When, as here, a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen Plaintiff's First Amended Complaint because an amended complaint supersedes the previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III. Jurisdiction and the Statute of Limitations

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1) The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Thus, the regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed." *Id.*

## IV. Discussion and Analysis

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge on March 27, 2017, at which time the decision became the final decision of the Commissioner. (Doc. 4 at 2, ¶ 8) Therefore, Plaintiff's request for review would be due within sixty-five days of the date of Appeal's Council's notice, or no later than May 31, 2017. *See* 42 U.S.C. §405(g) (noting that a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice"). However, Plaintiff did not initiate this action until June 1, 2017. Thus, it appears the statute of limitations has run on the request for review.

As the Ninth Circuit observed, "[a] petition to review a decision of the [Commissioner] must be brought within the statutory time limit." *Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971). Accordingly, courts have determined that where a claimant files an action even one day late, the statute of limitations mandates a dismissal of the action. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day); *Davila v. Barnhart*, 225 F.Supp.2d 337, 340 (S.D.N.Y. 2002) (dismissing

complaint although filed "only one day late," observing that "courts have not hesitated to enforce the 60-day period as a firm limit"[citations omitted]); *O'Neill v. Heckler*, 579 F.Supp. 979, 980-81 (E.D. Pa. 1984) ("[e]ven one day's delay in filing the action is fatal"). Here, because Plaintiff initiated this action a day after the statute of limitations had run, the delay appears fatal to his request for review.

On the other hand, as the Court previously informed Plaintiff, there are two exceptions to the statute of limitations: (1) the Commissioner may grant an extension of time to file a civil action, and (2) the statute of limitations may be tolled through the doctrine of "equitable tolling." *Bowen*, 476 U.S. at 479-80; 42 U.S.C. § 405(g). Although given an opportunity to amend his complaint to add factual allegations that would support the application of equitable tolling, or to clarify whether he requested an extension of time from the Appeals Council, Plaintiff failed to provide such allegations. Instead, he amended only facts related to the extent of the disability and findings of the ALJ. (*Compare* Doc. 1 at 2-3 *with* Doc. 4 at 2-3) Therefore, it does not appear that one of the exceptions to the statute of limitations should be applied.

## V.     Conclusion and Order

From the face of the First Amended Complaint, it appears the statute of limitations has run on Plaintiff's request for judicial review, and he has not carried the burden to demonstrate an exception should apply. Accordingly, the Court **ORDERS**:

1. Within fourteen days of the date of service of this Order, Plaintiff **SHALL** show cause in writing why the action should not be dismissed for his failure to comply with the statute of limitations; and
2. Plaintiff is advised that failure to show cause will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated:  **June 23, 2017**                    **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

4