# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY KEITH WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:17-cv-0760-JLT<br><br>ORDER DIRECTING CLERK TO ISSUE SUMMONS, SOCIAL SECURITY CASE DOCUMENTS, AND SCHEDULING ORDER<br><br>ORDER DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT |

    Larry Keith Williams seeks to proceed with an action for judicial review of the administrative decision denying an application for Social Security benefits. For the following reasons, the Court finds service of the First Amended Complaint is appropriate.

**I.    Screening Requirement**

    When an individual is proceeding *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**III.     Discussion and Analysis**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 4) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Thus, the regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed." *Id.*

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge on March 27, 2017, at which time the decision became the final decision of the Commissioner. (Doc. 4 at 2, ¶ 8) Therefore, Plaintiff's request for review would be due within sixty-five days of the date of Appeal's Council's notice, or no later than May 31, 2017. *See* 42 U.S.C. §405(g) (noting that a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice"). However, Plaintiff did not initiate this action until June 1, 2017. Thus, it appears the statute of limitations may have run on the request for review.

As the Ninth Circuit observed, "[a] petition to review a decision of the [Commissioner] must be brought within the statutory time limit." *Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971). Accordingly, courts have determined that where a claimant files an action even one day late, the statute of limitations mandates a dismissal of the action. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th

Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day); *Davila v. Barnhart*, 225 F.Supp.2d 337, 340 (S.D.N.Y. 2002) (dismissing complaint although filed "only one day late," observing that "courts have not hesitated to enforce the 60-day period as a firm limit"[citations omitted]); *O'Neill v. Heckler*, 579 F.Supp. 979, 980-81 (E.D. Pa. 1984) ("[e]ven one day's delay in filing the action is fatal"); *Oliver v. Astrue*, 2011 U.S. Dist. 2011 WL 2669275 (S.D. Cal. Mar. 28, 2011) (dismissing a complaint filed one day after the deadline).

Though it appears that the statute of limitations may have run before the plaintiff filed the complaint, the Court declines, at this time, to determine that Plaintiff is unable to proceed in this action. The "sixty day period is not jurisdictional, but is instead a statute of limitations which the Secretary may waive." *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991).

### IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. The Clerk of Court is **DIRECTED** to issue summons as to the defendant, Nancy A. Berryhill, Acting Commissioner of Social Security;
2. The Clerk of Court is **DIRECTED** to issue and serve Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms; and
3. The U.S. Marshal is **DIRECTED** to serve a copy of the First Amended Complaint, summons, and this order upon the defendant as directed by Plaintiff in the USM Forms; and
4. Any motion addressing the statute of limitations in this action **SHALL** be filed within forty-five days of the the date of service of the First Amended Complaint.

IT IS SO ORDERED.

Dated: **February 27, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE