| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY KEITH WILLIAMS, | ) Case No.: 1:17-cv-0760 -JLT |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | ) (Doc. 13) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Larry Keith Williams seeks judicial review of the administrative decision denying his application for Social Security benefits. (Doc. 4) The Commissioner of Social Security seeks dismissal of the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting the request for judicial review is untimely and the complaint thus fails to state a claim upon which relief can be granted. (Doc. 13) Plaintiff opposes the motion, arguing his complaint was timely based upon the date he *received* the notice of decision from the Appeal's Council. In the alternative, Plaintiff contends the Court should toll the statute of limitations. (Doc. 19)

For the reasons set forth below, the Court finds Plaintiff's request for judicial review was untimely, and the statute of limitations should not be tolled. Consequently, the Commissioner's motion to dismiss is **GRANTED**.

///

///

1

## I. Background

In 2013, Plaintiff filed applications for benefits arising under Titles II and XVI of the Social Security Act. (*See* Doc. 13-1 at 5) An administrative law judge determined Plaintiff was not disabled, and issued an order denying benefits on September 24, 2015. (*Id.*) The Appeals Council denied Plaintiff's request for review of the ALJ's decision in the "Notice of Appeals Council Action" dated March 27, 2017. (*Id.* at 21; *see also* Doc. 4 at 2, ¶ 8) At that time, the ALJ's decision became the final decision of the Commissioner. (Doc. 4 at 2, ¶ 8)

The Appeals Council Notice informed Plaintiff: "If you disagree with our action, you may ask for court review of the Administrative Law Judge's Decision by filing a civil action." (Doc. 13-1 at 22) In addition, Plaintiff was informed he had "60 days to file a civil action (ask for court review)." The Appeals Council indicated: "The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show *us* that you did not receive it within the 5-day period." (*Id.* at 22-23, emphasis added) Plaintiff was also advised that if he could not file a request for court review within 60 days, he could request an extension from the Appeals Council, supported by "a good reason for waiting more than 60 days to ask for court review." (*Id.* at 23)

On June 1, 2017, Plaintiff filed a complaint for judicial review of the ALJ's decision, thereby initiating the matter before this Court. (Doc. 1) The Court observed that, based upon the allegations presented, it appeared the statute of limitations may have run before filing. (Doc. 3) The Court granted Plaintiff leave to amend, and he filed his First Amended Complaint on June 21, 2017. (Doc. 4) The Commissioner seeks dismissal of the action, asserting the request for judicial review was untimely. (Doc. 13)

## II. Timeliness of a Social Security Appeal

It is well-established that the United States is immune from suit without its consent. *See, e.g., United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). However, the Social Security Act provides a limited consent to be sued, to allow judicial review of the Commissioner's final decisions. *See* 42 U.S.C. § 405(g). In relevant part, Section 405(g) provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such

> action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Thus, a claimant must file a civil action for judicial review within 60 days after receipt of the "mailing" of the notice of final decision by the Appeals Council. *Id.*; *see also* 20 C.F.R. § 405.501. The date of the "mailing" is defined as "5 days after the date on the notice," unless there is a reasonable showing to the contrary that the notice was not received within the five-day period. 20 C.F.R. §§ 416.1401, 422.210(c). A civil action filed within 65 days of the notice is presumed timely. *Id.* If a claimant does not file a civil action within the prescribed 60-day time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b).

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed." *Id.* Thus, courts have dismissed cases filed only days after the expiration of the statute of limitations. *See, e.g., Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (observing "[a] petition to review a decision of the [Commissioner] must be brought within the statutory time limit," and affirming the dismissal of a Social Security complaint filed two days late); *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of the Commissioner where the claimant missed the statute of limitations by one day); *Davila v. Barnhart*, 225 F.Supp.2d 337, 340 (S.D.N.Y. 2002) (dismissing complaint although filed "only one day late," observing that "courts have not hesitated to enforce the 60-day period as a firm limit"[citations omitted]); *O'Neill v. Heckler*, 579 F.Supp. 979, 980-81 (E.D. Pa. 1984) ("[e]ven one day's delay in filing the action is fatal").

Because the sixty-day deadline for claims seeking judicial review of social security denials is a statute of limitations period and is not jurisdictional in nature, Rule 12(b)(6) of the Federal Rules of

Civil Procedures governs challenges to timeliness. *See Bowen*, 476 U.S. at 478; 42 U.S.C. 405(g); *see also Supermail Cargo, Inc v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that because "the question whether [a] claim is barred by the statute of limitations is not a jurisdictional question, it should … be raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction").

### III. Motion to Dismiss Standards

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted).

A court must construe the pleading in the light most favorable to the plaintiff and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

///

## IV. Judicial Notice

The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In addition, the Court may take judicial notice of material incorporated by reference into the complaint. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Documents are properly incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement*, 593 F.3d at 1038; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

Plaintiff incorporated by reference into the First Amended Complaint, the Appeals Council notice and the ALJ's decision to deny Plaintiff's application for benefits. (*See* Doc. 4 at 2) Accordingly, the Court takes judicial notice of the decision of the ALJ denying Plaintiff's applications for benefits on September 24, 2015 (Doc. 13- 1 at 5-15) and the "Notice of Appeals Council Action" dated March 27, 2017 (Doc. 13-1 at 21-25; Doc. 19-1 at 2-5).

## V. Discussion and Analysis

### A. Timeliness of Plaintiff's Complaint

The Commissioner observes the Notice of Appeals Council Action" was dated March 27, 2017. (Doc. 13 at 4, 5) Because the date of receipt is presumed to be five days after the date of notice, the Commissioner asserts the Complaint was due May 31, 2017. (*Id.* at 5) In response, Plaintiff contends, "The court should not assume transmittal date of March 27, 2017, but rather April 3, 2017, the date stamped by the Law Offices of Rosemary Abarca." (Doc. 19 at 6) According to Plaintiff, "Rosemary Abarca represented Williams at the administrative hearing and Appeals Council review." (*Id.*) Plaintiff presents the declaration of Leticia Gomez, who is employed by the Law Offices of Rosemary Abaraca, in support of the assertion that the Appeals Council notice was not received until April 3, 2017. (*See* Doc. 19 at 6; Doc. 19-2) Ms. Gomez asserts that "as normal course of business, she date stamps Appeals Council denials with the date the letter was received" (*id.*), and "[t]he date stamped,

April 3, 2017, was the date [her] office received the Appeals Council denial." (Doc. 19-2, Gomez Decl. ¶ 4) Plaintiff asserts that once his case was referred to the Law Offices of Lawrence D. Rohlfing, "Enedina Perez used her 15 plus years of experience preparing complaints and calendaring statutory requirements to start the 60 days for Williams on Monday, April 3, 2017." (Doc. 19 at 6) Thus, Ms. Perez calendared the filing deadline as June 2, 2017. (*Id.*)

Plaintiff contends that "[w]ithout an affirmative showing to the contrary, the Court should not infer that the date on the notice is also the date of the mailing." (Doc. 19 at 8) Monica Perales, Plaintiff's counsel, indicates she conducted "random sampling of 11 Appeals Council denials," and Ms. Perales concluded "[i]t is clear that the Appeals Council does not deposit mail on a routine and ordinary basis the day of the letter's dating." (*Id.* at 7) Plaintiff acknowledges he does not have the transmittal envelope but contends he "has shown that the date appearing on the Appeals Council notices establishing the exhaustion of administrative remedies is not a reliable date." (*Id.* at 8)

Contrary to Plaintiff's assertions, the initial burden of proof is on *the claimant,* not the Commissioner. The Commissioner is entitled to a rebuttable presumption that a claimant received notice of decision by mail within five days after the date on the notice unless the claimant makes a "reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). Only after a claimant rebuts the presumption of presumed receipt does the burden shift to the Commissioner. *Wheat v. Comm'r of Soc. Sec.*, 2017 WL 469311 (E.D. Cal. Feb. 3, 2017) (citing *Fenneken v. Comm'r of Soc. Sec.*, 2011 WL 4558308 at *3 (S.D. Ohio Sept. 30, 2011); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987)); *see also Wurst v. Comm'r of Soc. Sec.,* 2019 U.S. App. LEXIS 9941 (11th Cir. April 4, 2019) (observing a claimant has the burden to "present some affirmative evidence" to overcome the presumption of receipt).

Plaintiff points to the declaration from Ms. Gomez regarding the practice of stamping mail received by the law office and the receipt date stamped by the Law offices of Rosemary Abarca to show the Notice was received more than five days after mailing. However, courts have rejected such evidence, finding it insufficient to rebut the presumption or establish a reasonable showing of delayed receipt. *See, e.g., Wurst,* 2019 U.S. App. LEXIS 9941 (11th Cir. April 4, 2019) (finding "the discrepancy between the date printed on the Notice and the envelope's postmark date and the

claimant's "assertion that the Notice failed to arrive within the five-day [period]… all fail to sufficiently rebut the presumption"); *Roberts v. Shalala*, 848 F. Supp. 1008, 1018 (N.D. Ga. 1994) (finding "an uncorroborated affidavit from a law office employee" was insufficient to support the contention of late receipt); *Leslie v. Bowen*, 695 F. Supp. 504 (D. Kan. 1988) (finding an affidavit to be insufficient evidence to rebut the presumption, because "the rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary").

Further, Plaintiff offers no explanation as to how the "findings" of counsel regarding Social Security notices received in other actions are substantive or competent evidence that he did not receive notice within the five-day period. Indeed, courts have rejected claimants' attempts to calculate the five-day period from a postmark date. *See Williams v. Commr*, 664 Fed. Appx. 763, 763 (11th Cir. 2016) ("The regulations do not saying anything about interpreting the date of receipt as five days after the postmark date") *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 436-37 (6th Cir. 2007) (declining "to calculate the five-day period from the date of mailing, represented by the postmark date, rather than from the date on the notice itself"). Plaintiff's mere assertion that the postage date occurred after the date on the notice is likewise insufficient to rebut the presumption. Accordingly, the Court finds Plaintiff fails to rebut the presumption of notice, and his Complaint was to be filed no later than May 31, 2017.

**B.     Equitable Tolling**

Plaintiff contends, "If the Court agrees with the Commissioners [sic] showing that Williams' claim must have been filed by May 31, 2017, then Williams moves that equitable tolling is applicable here." (Doc. 19 at 8)

"The doctrine of equitable tolling is 'read into every federal statute of limitation.'" *In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). The Ninth Circuit explained, "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." *Forester v. Chertoff*, 500 F.3d 920, 929 (9th Cir. 2007) (citation omitted). In general, "'a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,'" preventing timely filing. *Okafor v. United*

7

*States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Gibbs v. Legrand*, 767 F.3d 879, 884-85 (9th Cir. 2014). Notably, Plaintiff does not address these factors in his brief urging the Court to apply equitable tolling.[1]

Plaintiff asserts, "the length of delay is one day and the potential impact of proceedings is minimal." (Doc. 19 at 8) He contends that at all times he "moved in good faith" and "the one day late based on Williams interpreting of the statute based on the Counsel's experience and when postal service is delivered, was reasonable." (*Id.*) Plaintiff argues: "This is not the case where the complaint was filed four, five, or 10 days late; rather … it was believed to be one day early. Equitable tolling exists here." (*Id.* at 9)

### 1. Diligent pursuit of rights

The diligence required for equitable tolling does not have to be "maximum feasible diligence," but rather "reasonable diligence." *See Holland v. Florida*, 560 U.S. 631, 653 (2010). For example, courts have found a plaintiff acted with diligence where a complaint was filed in a timely manner, but in the wrong court, or timely filed a defective pleading. *Burnett v. New York Central R. Co.*, 380 U.S. 424, 426-430 (1965); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (observing equitable tolling can be applied "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period").

Courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96. The Ninth Circuit observed that "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 335-36 (2007)). In this case, Plaintiff waited until the eve of the date he believed to be the filing deadline for filing his complaint. There is no explanation why he delayed or why, if he believed that the Appeals Council failed to mail the notice of decision, he did not apply to the Appeals Council for an extension of time, rather than simply flouting the established law in

---

[1] Instead, Plaintiff erroneously identifies the factors of a Rule 60(b) motion as the governing standard for equitable tolling. (*See* Doc. 19 at 8) Curiously, Plaintiff also "requests that the court set aside its judgment dismissing the action with prejudice and allow the case to proceed on the merits." (*Id.* at 9) However, judgment had not been entered.

8

this area. Without these explanations, the Court cannot find he acted with diligence in seeking judicial review of the administrative decision.

### 2. Extraordinary circumstances

Extraordinary circumstances are those beyond the control of the plaintiff that make it impossible to file the complaint within the statute of limitations. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) (holding that plaintiffs did not allege any extraordinary circumstances beyond their control that made filing timely "impossible"). "This is a fact-specific determination because a finding of extraordinary circumstances [necessary for equitable tolling] is reserved for extraordinary facts." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1156 (11th Cir. 2005) (internal quotation marks omitted).

Plaintiff has not identified any extraordinary circumstances in the delay in filing, pointing only to the miscalculated deadline. The Supreme Court observed that "a simple 'miscalculation' that leads a lawyer to miss a filing deadline… does not warrant equitable tolling." *Holland*, 560 U.S. at 651 (internal citation omitted). Courts have repeatedly concluded that an attorney's miscalculation of the statute of limitations is insufficient, without more, to warrant equitable tolling. *See, e.g, Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir.2002) (attorney miscalculation of a limitations period did not merit equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of deadline general negligence did not constitute extraordinary circumstances); *Smaldone v. Senkowski*, 273 F.3d 133, 138-39 (2nd Cir. 2001) (finding an attorney error in calculating time period was inadequate to create the extraordinary circumstances required for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1270 (11th Cir. 1999) ("mere attorney negligence . . . is not a basis for equitable tolling"). Having chosen to wait until the eve of the miscalculated deadline, this miscalculation has proven fatal to Plaintiff's claims.

## VI. Conclusion and Order

For the reasons set forth above, the Court finds the complaint filed by Plaintiff seeking judicial review of his application for benefits was untimely. In addition, Plaintiff fails to demonstrate equitable tolling is appropriate.

///

Accordingly, the Court **ORDERS**:

1. The Commissioner's motion to dismiss (Doc. 13) is **GRANTED**;
2. Plaintiff's Second Amended Complaint is **DISMISSED** without leave to amend; and
3. The Clerk of Court is DIRECTED to enter judgment in favor of the Commissioner of Social Security and against Plaintiff, Larry Keith Williams.

IT IS SO ORDERED.

Dated: **April 10, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE